(No. 00045– )

Mary Macek, as wife of Peter Macek, Deceased, Claimant, vs. State of Illinois, Respondent.

*Opinion filed July 10, 1974.*

George Filcoff, Attorney for Claimant.

William J. Scott, Attorney General; Saul R. Wexler, Assistant Attorney General, and Vincent Biskupic, Special Assistant Attorney General, for Respondent.

Per Curiam.

This claim, arising out of the death of a volunteer fireman killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," [hereafter, "the Act".] *Ill. Rev. Stat., 1971, Ch. 48, Sec. 281 et seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of

the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full Court on May 14, 1974, the Court finds as follows:

1. That the claimant, Mary Macek, is the wife of the decedent, and in the absence of a designated beneficiary, Section 3(a) of the Act provides that any award hereunder shall be paid to the surviving widow;

2. That the decedent, Peter Macek, was a volunteer fireman employed by the Madison volunteer fire department and engaged in the active performance of his duties, within the meaning of Sec. 2(e) of the Act, on January 25, 1973;

3. That on said date, Fireman Macek was summoned by "phone siren" to a fire in a box car on a railroad spur into Owens Box Board Company. Macek drove his own automobile to the fire station and then drove Fire Department Unit #2, a 500 gallon pumper, equipped with 4,000 feet of hose, to the scene of the fire. Upon reaching the scene, Macek was ordered to extend about 500 feet of hose from Unit #2 to a fire hydrant. Macek was wearing full equipment, coat, boots and helmet, and was seen by Assistant Fire Chief Charles Voloski to pull the hose line from the truck, "run with it" assisted by "two or three men" and made the connection of the hydrant. Although Macek did not handle the hose as it was used against the blaze, Assistant Chief Voloski said that Macek probably "got within five feet" of the box car, and that the smoke from the burning paper inside the box car was "dense". Having been at the scene of the fire for "at least one half hour" Fireman Macek was ordered to return with Unit #2 to the fire station. After Macek

had returned and backed the truck into the firehouse, he left the truck and collapsed. Oxygen was administered in the firehouse and he was taken to St. Elizabeth's Hospital where he was pronounced dead at 9:10 p.m. The Coroner's Certificate of Death recites the immediate cause of death as "cardiac arrest" due to or as a consequence of "acute myocardial infarction" due to or as a consequence of "coronary artery disease";

The Court was convinced that the strain and and exertion, in the aforesaid performance of his duties as fireman, caused or precipitated this fireman's fatal heart attack. Although his death might not have occurred as it did if he had no pre-existing heart disease, coverage under the Act is not limited to healthy fireman;

4. The Court finds, therefore, that Fireman Macek was killed in the line of duty as defined in Sec. 2(e) of the Act; and

5. That the proof submitted in support of this claim satisfies all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $10,000 (ten thousand dollars) be awarded to Mary Macek as surviving widow of the deceased fireman, Peter Macek.