(No. 00050—)

Mary E. Finlen, as wife of Charles M. Finlen, Deceased, Claimant, *vs.* State of Illinois.

*Opinion filed July 10, 1974.*

Mary E. Finlen, Claimant, Pro Se.

William J. Scott, Attorney General; Saul R. Wexler, Assistant Attorney General, and Vincent Biskupic, Special Assistant Attorney General, for Respondent.

PER CURIAM.

This claim, arising out of the death of a fireman killed in the line of duty, seeks payment of compensation to the decedent's beneficiary pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," [hereafter, "the Act"] *Ill. Rev. Stat. 1971, Ch. 48, Sec. 281 et seq.*

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing before the full court on May 14, 1974, the Court finds as follows:

1. That the claimant, Mary E. Finlen, is the wife of the decedent, and, in the absence of a designated beneficiary, Section 3(a) of the Act provides that any award hereunder shall be paid to the surviving widow;

2. That the decedent, Charles M. Finlen, was a volunteer fireman employed by the Minonk Fire Department and engaged in the active performance of his duties, within the meaning of Sec. 2(e) of the Act, on June 10, 1973;

3. That on said date, Firefighter Finlen was called to an auto accident scene 2½ miles east of Minonk and arrived at approximately 1:00 p.m. in his own auto. It was a hot and humid day and Firefighter Finlen wore a helmet and street clothing. Pumper Unit #4 and Rescue

Squad #5 responded to the call and Firefighter Finlen was assigned to work with either unit. His duties were to extricate the people trapped in the two wrecked cars which had collided nearly head-on. Finlen was involved in the rescue, helping the victims to be placed in an ambulance. While so engaged, at approximately 1:15 p.m., Finlen collapsed and died. Emergency medical technicians and personnel present attempted to revive him without success. The Coroner's Certificate of Death recites the immediate cause of death as "acute coronary occlusion" due to or as a consequence of "obesity". The Court was convinced by the evidence that the strain and exertion in the aforesaid performance of his duties caused or precipitated this fireman's fatal heart attack. Although his death might not have occurred as it did, if he had been in normal health, coverage under the Act is not limited to healthy firemen;

4. We find, therefore, that Fireman Finlen was killed in the line of duty as defined in Sec. 2(c) of the Act; and

5. That the proof submitted in support of this claim satisfies all of the requirements of the Act, and the claim is therefore compensable thereunder.

It Is HEREBY ORDERED that the sum of $10,000 (ten thousand dollars) be awarded to Mary E. Finlen as wife and beneficiary of the deceased volunteer fireman, Charles M. Finlen.