## OPINIONS PUBLISHED IN FULL
## FY 1986

(No. 84-CC-1130–)

*In re* APPLICATION OF BILLIE JEAN ERICKSON.

*Opinion filed November 18, 1985.*

PETER F. FERRACUTI, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This claim is brought by Billie Jean Erickson who seeks an award pursuant to the provisions of the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics and Firemen Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*) (hereinafter referred to as the Act), due to the death of her husband, David O. Erickson, who was a fireman for the City of Ottawa, Illinois. Firefighter Erickson died on November 8, 1983, from cardiopulmonary failure due to or as a consequence of acute myocardial infarction. Mrs. Erickson was designated as the sole beneficiary of any award authorized by this Court.

The record consists of the application for benefits, the statement of the decedent's supervising officer, the report of the Attorney General, and evidence presented in the form of evidence depositions upon stipulation of the parties. Based on the record the Commissioner has duly filed his report and the matter is now before us for a decision.

The evidence depositions of the following persons were submitted to the Court: Michael Jobst, a fireman with the city of Ottawa, who described events that occurred on October 30, 1983; Francis Newell, a captain

in the Ottawa Fire Department who was in charge of the fire on October 30, 1983; Dr. Anton Giger, a general practitioner who was the Ericksons' family physician and who described in some detail Firefighter Erickson's history of heart failure; and Billie Jean Erickson, the surviving spouse, who also described her husband's prior heart attack as well as the events immediately preceding his death.

The evidence indicates that Firefighter Erickson suffered his first heart attack on August 8, 1983. Mrs. Erickson described that heart attack, their trip to the emergency room of the county hospital in Ottawa, and his recuperation during the late summer of 1983. Dr. Giger described in greater detail the tests and treatment undertaken during this same period. Mr. Erickson's condition apparently improved sufficiently so that he was eventually released to full duty in October of 1983.

His very first shift back to work was October 30, 1983. On that date, he attended two calls, the first being an ambulance call. Later that day there was a fire at 554 Congress Street in Ottawa. It was a basement fire with a buildup of heavy smoke. Both Firefighter Jobst and Captain Newell were with Firefighter Erickson at that time.

During the course of their firefighting, Erickson was asked to locate the "hot spot" where smoke was coming from. He performed this task using a fire ax to chop down a bathroom wall. Both Newell and Jobst described Erickson's condition during this period as being "pasty" in color. Captain Newell stated that Erickson looked like he was about ready to pass out. At this time, Erickson complained to Jobst of a pain in his chest.

Despite his obvious pain, Erickson finished his shift. In fact, he served two subsequent shifts during which time he continually complained of the pain in his chest. He called in sick on November 7, 1983, and died of a heart attack the next day.

For an award to be granted under the Act it must be shown that the fireman was killed in the line of duty as defined by the Act. Section 2(e) of the Act provides, in relevant part, that " 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties within one year from the date the injury was received and if that injury arose from violence or other accidental cause." (Ill. Rev. Stat. 1981, ch. 48, par. 282(B).) Coverage under the Act is not limited to healthy firemen. An award may be granted even though a preexisting condition may have contributed to the decedent's death. See *Macek v. State* (1974), 30 Ill. Ct. Cl. 1071; *Finlen v. State* (1974), 30 Ill. Ct. Cl. 1076.

Based on the record before us, we find that Firefighter Erickson was killed in the line of duty and that this claim is therefore compensable.

Wherefore, it is hereby ordered that an award of $50,000.00 be, and is, hereby awarded to Billie Jean Erickson, the surviving spouse and sole designated beneficiary of Firefighter David O. Erickson.